UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

INFLOT WORLD WIDE, INC.,

    Plaintiffs,

v.

IGOR GLUKHOV, ANDREI MUSHKAREV,
INTERCONTINENTAL MARINE SERVICES
LTD.,

    Defendants.
_____ /

## COMPLAINT FOR DAMAGES

Plaintiff, INFLOT World Wide Inc., a Florida corporation ("INFLOT") bring this Complaint against Defendants, Igor Glukhov ("GLUKHOV"), Andrei Mushkarev ("MUSHKAREV"), Intercontinental Marine Services, Ltd., a Russian limited corporation ("INTERCONTINENTAL") and states as follows:

### I. Nature of the Action

1.    INFLOT and its parent, Inflot World Wide Ltd., a Russian limited company (collectively the "Inflot Group"), are experienced and reputable port agents in the marine services industry in Florida and throughout the world. Defendants GLUKHOV and MUSHKAREV were former employees of the Inflot Group. Since their parting with the Inflot Group, GLUKHOV and MUSHKAREV have begun working for Defendant INTERCONTINENTAL, a competitor of the Inflot Group, and have since engaged in a campaign to damage, through false and misleading statements, the Inflot Group's reputation and goodwill in the marine services industry in Florida and throughout the world. Based on the

Defendants' improper actions, INFLOT asserts the following claims against Defendants: (1) defamation; (2) false advertisement; and (3) unfair competition.

## II. Jurisdiction, Venue and Parties

2. This is an action for temporary and permanent injunctive relief, for attorneys' fees, costs, and damages. This Court has original jurisdiction of this case, pursuant to 28 U.S.C. sections 1331 and 1332, as there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy, exclusive of interest, costs and attorneys' fees, exceeds the minimum threshold requirement.

3. INFLOT is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.

4. Defendant INTERCONTINENTAL is a Russian entity with its principal place of business in St. Petersburg, Russia.

5. GLUKHOV is an individual that resides in Russia.

6. MUSHKAREV is an individual that resides in Russia.

7. This Court has jurisdiction over the Defendants under Florida Statutes section 48.193(1)(b) and (f):

   a. With regard to Florida Statutes section 48.193(1)(b), Defendants have committed a tortious act within Florida through its false and misleading statements made to INFLOT's Florida customers and the Florida marine services industry as further identified in Section IV of this Complaint.

   b. With regard to Florida Statutes section 48.193(1)(f), Defendants have caused injury to persons or property within Florida arising out of its acts or omissions outside of Florida. That injury includes the money invested by INFLOT to

      develop its relationships and goodwill with customers and potential customers in the Florida marine services industry and/or INFLOT's customers' refusal to renew or continue existing contracts with INFLOT and/or INFLOT's customers' delay in executing existing or pending contracts with INFLOT and/or INFLOT's prospective customers' delay in executing new contracts with INFLOT and/or INFLOT's costs in complying with customers' and/or prospective customers' audits directly related to Defendant's false and misleading statements.

    c.   And as further alleged in this Complaint.

8.    The causes of action alleged herein arise primarily out of acts occurring in South Florida.

9.    Venue is proper in this Court pursuant to 28 USC section 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this district and Defendants are subject to personal jurisdiction in this district. Further, Defendants knowingly and intentionally directed, targeted and inflicted harm upon the Plaintiff in this Florida district as further alleged in this Complaint.

### III. INFLOT and The Marine Services Industry

10.    The Inflot Group is one of the oldest and most experienced shipping agencies in the world. Tracing its history back to the famous Inflot Soviet Shipping Agency, the state-owned company that served every Soviet port, the Inflot Group benefits from its rich heritage and more than seventy (70) years of experience.

11.    From the time when it was privatized in 1990, the Inflot Group has been offering comprehensive agency services to its customers, with unsurpassed services ranging from port security, shore excursions and customs clearance, to acting as agents for Governments.

12. As the most experienced and best-established shipping agency in the world, the Inflot Group has been one of the premier choices for commercial shipping, cruise lines and foreign navies visiting the ports of South Florida, St. Petersburg, Tallinn, Helsinki, Riga, Klaipeda, Copenhagen, Oslo, Stockholm, Gdynia, Kaliningrad, Baltiysk, Murmansk, Archangelsk, Vladivostok, Petropavlovsk, the Kuril Islands, Odessa, Yalta, Sevastopol, Varna, Nessebur, Constanta, Istanbul, Sochi, Novorossiysk, and all other Baltic, Black Sea and South Asian ports.

13. Inflot Ltd. is a multinational corporation maintaining offices, subsidiaries and/or representatives in over eighty-six (86) ports around the globe. The Inflot Group handles thousands of port calls for cruise liners and cargo ships every year.

14. The Inflot Group works with leading cruise and shipping lines, domestic and foreign navies and other private marine entities in South Florida and throughout the world.

15. Throughout its existence and continuing to date, the Inflot Group has invested considerable amounts of time and money in developing and maintaining its business relationships, goodwill within the marine services industry and other intangible assets with its current and prospective customers.

### IV. Defendants' Improper Acts

16. Defendants disseminated to the South Florida marine services market as well as to the Inflot Group's current customers in Florida, including but not limited to, Royal Caribbean Cruise Lines, Pullmantur Cruise Lines and TUI Cruise Lines, false and misleading statements via telephone calls in 2012 and in at least one email correspondence from INTERCONTINENTAL's management account and signed by MUSHKAREV on December 17, 2012. (A true and correct copy of this email is attached hereto and incorporated as Exhibit "A").

17. Some of the false and misleading statements contained in the December 17, 2012 email are as follows:

   a. Inflot Group has in the past and is still misappropriating cruise company funds;

   b. Inflot Group overcharges for its services;

   c. Inflot Group is a monopoly;

   d. Inflot Group bills customers for "hidden charges";

   e. Inflot Group is in violation of and/or has raised red flags related to the US and UK Anti-Bribery Acts;

   f. the implication that the Inflot Group may be found to be a corruption danger under the US and UK Anti-Bribery Acts;

   g. that GLUKHOV and MUSHKAREV left the Inflot Group due to the Inflot Group's corrupt activities and violations of the US and UK Anti-Bribery Act;

   h. that the Inflot Group is in deep debt and was losing money for many years;

   i. that the Inflot Group is indebted to various cruise lines in excess of 500,000 euros;

   j. that the Inflot Group is being prosecuted by Russian authorities for INFLOT's corruption and misappropriation of $1.5 million of United States Federal funds that the Inflot Group is illegally receiving; and

   k. that the Inflot Group's employees are in violation of the US and UK Anti-Bribery Acts.

18. The statements contained in Defendants' December 17, 2012 transmission are false as the Inflot Group: has never misappropriated client funds; does not overcharge for its services and is competitive in the marine services market; is not a monopoly; does not have any

hidden charges as fees transparent and agreed to with clients; is not now nor has never been in violation of the US and/or UK Anti-Bribery Acts; terminated Glukhov; is not in debt nor is it a failing company; is not indebted to cruise lines in excess of 500,000 euros; is not now nor has never been prosecuted by Russian authorities for corruption and/or misappropriation of $1.5 million of United States Federal funds; and employees are not in violation of the US and UK Anti-Bribery Acts.

19. GLUKHOV and INTERCONTINENTAL disseminated to the South Florida marine services market as well as to the Inflot Group's current customers in Florida, including but not limited to, Holland America, Carnival Cruise Lines, Royal Caribbean Cruise Lines, Princess Cruise Lines, Costa Cruise Lines, Pullmantur Cruise Lines, Celebrity Cruise Lines and Norwegian Cruise Lines false and misleading statements via an email from inflotwwspb@aol.com on November 7, 2012 signed by GLUKHOV.  (A true and correct copy of this email is attached hereto and incorporated as Exhibit "B").

20. Some of the defamatory and untrue statements contained in the November 7, 2012 email are as follows:

    a. that GLUKHOV resigned from the Inflot Group; and

    b. the implication that the Inflot Group is an unhealthy monopoly in the cruise agency business.

21. The statements contained in Defendants' November 7, 2012 transmission are false as the Inflot Group terminated Glukhov and the Inflot Group is not a monopoly as it is competitive in the marine services industry.

22. Defendants deliberately and intentionally disseminated these false allegations to the Inflot Group's current customers in South Florida and beyond, with the intent to defame and damage the Inflot Group's reputation and goodwill in the marine services industry.

23. Defendants disseminated the defamatory statements knowing that they were false and/or with reckless disregard for whether the statements were false.

24. Defendants GLUKHOV and MUSHKAREV disseminated the false statements identified in this Section in their respective individual capacities and as agents for and on behalf of INTERCONTINENTAL.

25. GLUKHOV and MUSHKAREV's actions identified in the preceding paragraphs were committed within the course and scope of their employment with INTERCONTINENTAL.

26. INFLOT has retained the services of the undersigned counsel to represent it in this action and is obligated to pay all reasonable costs, expenses and attorneys' fees.

27. All conditions precedent to this action have been satisfied or have occurred.

### V. Causes of Action

#### Count I
#### Defendants' Defamation of INFLOT

28. INFLOT realleges and incorporates by reference all the allegations contained in paragraphs 1 through 27, as though fully set forth herein.

29. Defendants disseminated to the Inflot Group's current South Florida customers, including but not limited to, Royal Caribbean Cruise Lines, Pullmantur Cruise Lines and TUI Cruise Lines false and misleading statements via telephone calls in December of 2012 and in at least one email correspondence from ICM's management account and signed by MUSHKAREV on December 17, 2012, as identified in Exhibit A and Section IV of this Complaint.

30. Defendants disseminated to the Florida marine services market as well as to the Inflot Group's current customers in Florida, including but not limited to, Holland America, Carnival Cruise Lines, Royal Caribbean Cruise Lines, Princess Cruise Lines, Costa Cruise Lines, Pullmantur Cruise Lines, Celebrity Cruise Lines and Norwegian Cruise Lines false and misleading statements via an email from inflotwwspb@aol.com on November 7, 2012 signed by GLUKHOV, as identified in Exhibit B and Section IV of this Complaint.

31. Defendants deliberately and intentionally disseminated these false and misleading statements to the Inflot Group's current customers in South Florida and beyond, with the intent to defame and damage the Inflot Group's reputation.

32. Defendants disseminated the false and misleading statements in bad faith and with malice and/or were made in reckless disregard for whether the statements were false for the purpose of injuring the business and reputation of the Inflot Group.  Defendants have engaged in willful and wanton conduct in reckless disregard of the rights of the Inflot Group.

33. Defendants' false and misleading statements are material in that they have and will likely influence the contracting decisions of INFLOT's customers and potential customers who are misled by Defendants' false statements.

34. Defendants' false and misleading statements have harmed INFLOT.

35. As a direct and proximate result of Defendants' conduct, INFLOT has also suffered actual damages in an amount to be proved at trial.  Further, INFLOT is entitled to costs and attorneys' fees.

**WHEREFORE**, INFLOT demands an award of compensatory damages, including lost profits, punitive damages in an amount sufficient to punish Defendants and to deter such further

outrageous conduct on the part of the Defendants, the costs of this action, interest and such other relief as this Court deems appropriate.

## Count II
### Defendants' False Advertising
### (Lanham Act)

36. INFLOT realleges and incorporates by reference all the allegations contained in paragraphs 1 through 27, as though fully set forth herein.

37. Defendants disseminated to INFLOT's current Florida customers, including but not limited to, Royal Caribbean Cruise Lines, Pullmantur Cruise Lines and TUI Cruise Lines a false and misleading advertisement on December 17, 2012, as identified in Exhibit A and Section IV of this Complaint.

38. Defendants disseminated a false and misleading advertisement to the Florida marine services industry as well as to INFLOT's current customers in Florida, including but not limited to, Holland America, Carnival Cruise Lines, Royal Caribbean Cruise Lines, Princess Cruise Lines, Costa Cruise Lines, Pullmantur Cruise Lines, Celebrity Cruise Lines and Norwegian Cruise Lines via an email from inflotwwspb@aol.com on November 7, 2012 signed by GLUKHOV, as identified in Exhibit B and Section IV of this Complaint.

39. The false and misleading advertisements identified in this Count and Section IV of the Complaint are commercial advertisements and/ or promotions in nature as they are (1) commercial speech; (2) by Defendants who are in direct competition with INFLOT; (3) for the purpose of influencing INFLOT's consumers and the Florida marine services industry to buy Defendants' services; and (4) are targeted to the relevant Florida marine services industry.

40. Defendants deliberately and intentionally disseminated these false and misleading advertisements to INFLOT's current customers in Florida and beyond by emailing these false advertisements to INFLOT's current customers.

41. The ads identified in this Count and as further identified in Section IV of this Complaint deceived, or had the capacity to deceive, INFLOT's customers and potential customers in the Florida marine services industry as they make numerous wrongful and damaging statements regarding INFLOT from two former employees of Inflot Ltd.

42. Defendants' deceptive advertisements had a material effect on contracting decisions of INFLOT's customers and/or potential customers, as INFLOT's current clients have begun to question and/or investigate INFLOT's business practices.

43. The false advertisements were made and are being made in interstate commerce and were made and are being made in a commercial advertising or promotion.

44. The misrepresented service affects interstate commerce as both the Defendants and INFLOT perform their services throughout Florida and world-wide.

45. INFLOT has been or is likely to be injured as a result of the Defendants' false advertising.

46. Due to the Defendants' conduct, INFLOT has been irreparably harmed in its business.  Further, INFLOT will continue to suffer irreparable harm unless Defendants are restrained and enjoined from the above-referenced false and misleading advertising, and INFLOT is entitled to an injunction prohibiting Defendants from continuing such false claims.

47. INFLOT has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

48. As a direct and proximate result of Defendants' conduct, INFLOT has also suffered actual damages in an amount to be proved at trial.

**WHEREFORE**, INFLOT demands judgment against Defendants as follows:

(a) That INFLOT be awarded damages in an amount to be determined at trial based on Defendants' false and misleading advertising;

(b) That Defendants' be ordered to make a written report within a reasonable time, to be filed with the Court, detailing the manner of Defendants' compliance with the requested injunctive and mandatory relief;

(c) That INFLOT be awarded such other and further relief as the Court deems just and proper.

## Count III
## Defendants' Unfair Competition

49. INFLOT realleges and incorporates by reference all the allegations contained in paragraphs 1 through 48 as though fully set forth herein.

50. This is an action against Defendants for unfair competition under Florida law.

51. Defendants engaged in the acts set forth in the Counts enumerated above, all of which were intended to cause and which are causing harm to INFLOT.

52. Defendants' actions as set forth above were willful and malicious.

53. As a result of Defendants' actions, INFLOT suffered injury, including, but not limited to, (a) injury to its reputation and good will by losing customers and (b) actual damages as a result of Defendants' wrongful acts.

54. Further, Defendants have been unjustly enriched by the Defendants' wrongful actions and have gained an unfair advantage in the marine services industry.

**WHEREFORE**, INFLOT demands judgment against Defendants as follows:

(a) That INFLOT be awarded compensatory and consequential damages, including lost profits and incidental damages;

(b) An accounting and judgment be rendered against Defendants for any and all monies or profits derived by Defendants and for all damages sustained by INFLOT by reason of the acts of unfair competition as addressed herein;

(c) That INFLOT be awarded its reasonable attorneys' fees, costs and interest;

(d) That INFLOT be awarded punitive damages in an amount sufficient to punish Defendants and to deter similar future conduct; and

(e) That INFLOT be awarded such other and further relief as the Court deems just and proper.

Plaintiffs hereby demand a trial by jury in this action.

Dated this 12th day of March, 2013.

                Respectfully submitted,

                Quesada Law
                *Attorneys for Plaintiff*
                *INFLOT Worldwide*
                1313 Ponce de Leon Blvd., Suite 200
                Coral Gables, Florida 33134
                T:  (305) 446-2517
                E: frank@quesadalaw.net

                By: /s/  Frank C. Quesada
                    Frank C. Quesada, Esq.
                    Fla. Bar. No: 29411